People v. Moice.

---

## THE PEOPLE v. MOICE.

*People* v. *Cuintano*, as to impanneling Grand Jury, cited.

On an indictment for murder, the Court of Sessions is not bound to assign counsel for prisoner.

Challenges to the panel of the Grand Jury, or to individual jurors, must be made at the impanneling of the jury; and, on indictment for murder transferred to the District Court, the challenge cannot there be made.

The trial on the main charge in an indictment will not be postponed, because of an appeal on the issue of insanity.

APPEAL from the Eleventh District.

The defendant was in custody, on an offense charged, about two months before the commencement of the term of Court at which he was indicted.   The Grand Jury was summoned as in the preceding case—*People* v. *Cuintano*.   The prisoner had no counsel in the Court of Sessions.   He was brought into Court, and an opportunity given of challenging the jury.   The record states, " the following challenges were then made, and sustained by the Court, and the jurors so challenged were directed to take no part," etc., three jurors being named. By whom these challenges were made does not appear.   It seems, however, that the prisoner was a Belgian, understood but little English,

22

asked the Court of Sessions to assign him counsel, and, in fact, did not exercise his right of challenge.

In the District Court, defendant, before pleading, by his counsel, objected that the Grand Jury was illegally summoned, and asked permission then to challenge the panel. The motion was denied, and the defendant moved that the case be sent back to the Court of Sessions to enable him to exercise his right of challenge. Denied.

On the trial, affidavits being made as to the insanity of the prisoner, the issue on this question was first submitted to a jury, who found a verdict that he was sane. A motion for new trial, on this issue, was then made, and, several days subsequently, the case was called for trial on the main charge of murder. Defendant objected to going to trial, on the grounds that the motion for new trial on the issue of insanity was still undecided, and that, if the decision should be against him, he intended to appeal to the Supreme Court, and that he ought not to be tried on the issue of murder until that Court had passed on his insanity. Motion overruled.

On the trial, the following instructions, among others, were given to the jury, defendant excepting:

First—"If the testimony on the part of the prosecution satisfies you that the defendant took the life of the deceased, and if such testimony did not sufficiently manifest that the crime only amounts to manslaughter, or that the accused was justified or excused in committing the homicide, then, unless the defendant has shown circumstances of mitigation, justification or excuse, he is guilty of murder, and that of the first degree."

Second—"It is true, as contended for by defendant's counsel, that, if it is once shown that the defendant was insane, his insanity is still presumed to continue, unless it was *accidental* and temporary in its nature, as if it was occasioned by the violence of disease."

Defendant being convicted, appeals.

*M. B. Mills,* for Appellant, argued, as in the preceding case, (*People* v. *Cuintano*) as to the impanneling of the Grand Jury, and that defendant could challenge the panel in the District Court, having been virtually deprived of that right in the Court of Sessions.

As to instruction first, he contended it was erroneous, in not leaving to the jury the question of murder in the second degree. As to instruction second, that it was erroneous, in making an exception, as to

People v. Moice.

the presumed continuance of insanity, when the insanity is accidental or temporary in its nature, as if occasioned by disease.

*Thos. H. Williams*, Attorney General, for Respondent, cited Wood's Dig. 511; 10 Cal. 50; *People* v. *Beatty*, 14 Cal.; Wood's Dig. 284, sec. 189; 291, sec. 279.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Indictment for murder.   Errors assigned:

1. As to the impanneling of the Grand Jury.   This point has been passed upon and determined in the case of *People* v. *Cuintano*, just decided.

2. The Court of Sessions was not bound to assign counsel for the prisoner; he seems, however, to have had counsel to defend him in the District Court.   The defendant was bound to except to the panel, or make challenge of grand jurors, on the impanneling of the jury. (*People* v. *Beatty*, 14 Cal.; Wood's Dig. 284, sec. 189; 291, sec. 279.)

3. The objection to the indictment is frivolous.

4. There is nothing in the point that the Court erred in refusing to postpone the trial on the main charge, until after the appeal on the issue of insanity was heard in this Court.   This point is neither sustained by reason nor authority, and would be very inconvenient in practice.

5. We have looked into the evidence upon the question of insanity, and upon the state of facts presented, do not feel warranted in setting aside the finding.   We may remark, however, that the evidence has created some painful doubts as to whether the prisoner is a fit subject of capital punishment.   We suppose that, probably, the question of his sanity may be more fully susceptible of satisfactory ascertainment now than it was at the time of the trial; and the humanity of the learned Judge below will, of course, give whatever time or facilities the friends of the defendant could reasonably ask, to present his case as favorably as possible for Executive clemency, if the facts, as now developed, seem to justify such appeal.   But our office will not enable us to interfere with the verdict.

We see no error in the instructions of the Court.

Judgment affirmed, and the District Judge will appoint a day to carry the sentence into execution.